

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7630 | **DATE** | 11/5/2004 |
| **CASE TITLE** | Uddin vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    For the reasons set forth on the attached Memorandum Opinion and Order, the Court grants the City's motion for summary judgment (30-1). The Clerk is directed to enter judgment in favor of the defendant. The trial date of 1/3/05 is vacated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | NOV 0 9 2004 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| | | | date mailed notice | | |
| OR | courtroom deputy's initials | U.S. DISTRICT COURT | | | |
| | | 2004 NOV -8 PM 4:27 | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAHMOOD NASEER UDDIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 03 C 7630 |
| | ) | |
| CITY OF CHICAGO, a Municipal | ) | |
| Corporation, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DOCKETED**

NOV 0 9 2004

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Naseeruddin Mahmood, who evidently is misnamed in the complaint as Mahmood Naseer
Uddin, has sued his employer, the City of Chicago, for age discrimination under the Age
Discrimination in Employment Act, 29 U.S.C. § 621, and for national origin discrimination and
religious discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. The
City of Chicago has moved for summary judgment. For the reasons stated below, the Court grants
the City's motion.

### Discussion

Summary judgment is appropriate when the pleadings, depositions, answers to
interrogatories, admissions, and affidavits, if any, show that there is no genuine issue as to any
material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P.
56(c). The Court must view the facts in favor of the non-moving party and must draw all

reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Mahmood is a United States citizen but was born in Pakistan in 1953. He holds a bachelor's degree in accounting from the University of Karachi in Pakistan and a master's in business administration from the Keller Graduate School of Management in Chicago. Mahmood is a practicing Muslim and has been his entire life.

Mahmood worked for the Chicago Department of Public Health (CDPH) from 1988 until he was fired on November 7, 2002. During his employment with the CDPH, Mahmood worked in the Finance Department and was regularly promoted several times until he obtained the position of Director of Fiscal Administration, a position he held until he was fired. Mahmood claims that he was fired because of his age, 49, his national origin, Pakistani, and his religion, Muslim.

## 1.    *Religion and national origin discrimination claims*

Mahmood does not claim that he has any direct evidence of religion or national origin discrimination, so he must rely on indirect evidence and the *McDonnell Douglas* burden-shifting approach to make out a prima facie case. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Mahmood must produce evidence that he: (1) was a member of a protected class; (2) was meeting the City's legitimate performance expectations; (3) suffered an adverse employment action; and (4) similarly situated employees not in his protected class were treated more favorably. *Lalvani v. Cook County, Illinois*, 269 F.3d 785, 789 (7th Cir. 2001).

The first and third elements are not in dispute; Mahmood was fired, and he is a member of a protected class based on his national origin and religion. The second and fourth elements of the prima facie case, however, are disputed by the City.

2

As to the second element, the City claims that Mahmood was not meeting reasonable performance expectations at the time he was fired. *See Rand v. CV Industries, Inc.* 42 F.3d 1139, 1146 (7th Cir. 1994) (job performance is to be judged at the time of discharge). Erlinda Tzirides, Mahmood's direct supervisor from 1994 on, testified that Mahmood's submitted untimely and inaccurate reports, refused to provide her with needed information, and had problems dealing with co-workers and subordinates. Pl. Ex. 18, Tzirides Dep. at 51-53. According to Tzirides, these problems went on for years and finally came to a head on October 31, 2002, when Mahmood allegedly refused to communicate with her. As a result, she issued him a formal written warning which referred to "[c]ontinuing performance problems with the accuracy of reports" as well as "Insubordination: You refused to provide information I asked for yesterday, and you again stated this morning that you refuse to provide the information to me." The warning concluded by stating that "[i]f this continues, I will be required to take further action." Tzirides Aff. ¶ 33 & Ex. 13. Tzirides states that Mahmood's performance "did not improve" following this warning; Mahmood, she said, failed to communicate with her and provide her with information she requested and would simply stare at her when she made such requests. *Id.* ¶ 34. She then consulted with the Commissioner of the CDPH, John Wilhelm, who agreed to support her if she chose to fire Mahmood. *Id.* ¶ 35. On November 7, 2002, Mahmood was terminated at Tzirides' direction. *Id.* ¶ 36.

The issue of Mahmood's performance according to expectations is genuinely disputed. First, though Mahmood's last two performance reviews (for the period ending in September 2000 and the period ending in April 2002) identify problems with the accuracy of his reports, comparison of those reviews would support a finding that the latter review indicates he had

3

improved and was continuing to do so. In addition, the September 2000 review, though noting problems, rated Mahmood's reports as "good" (3 out of a possible 5), and the April 2002 review gave him an improved rating of 3.5, halfway between "good" and "very good." Second, there is likewise a genuine factual dispute regarding the accuracy of the claim of insubordination in Tzirides' October 31 warning; Mahmood denies that he had refused to provide information to Tzirides as she claimed in the warning. *See* Pl. Resp. to Def. Stmt. of Facts ¶ 74 (citing plaintiff's affidavit). This is not simply, as the City contends, Mahmood's subjective view of his own performance; it is a denial that the claimed event occurred.

Mahmood's prima facie case founders, however, on the fourth element: the requirement that he identify a similarly situated employee outside his protected class who was treated more favorably. Mahmood has made only the barest of efforts to satisfy this requirement. Mahmood states that there were ten other "exempt" employees who were treated better than him by Tzirides. Pl. Stmt. of Add. Facts ¶¶ 29, 31; Pl. Mem. at 6. That is not good enough. Mahmood must provide some evidence supporting his claim that these persons were similarly situated in all relevant respects. *See, e.g., Peele v. Country Mut. Ins. Co.,* 288 F.3d 319, 330 (7th Cir. 2002); *Radue v. Kimberly-Clark Corp.,* 219 F.3d 612, 617-18 (7th Cir. 2000). In this case, that likely would involve evidence that the supposedly comparable employees had performance ratings similar to his but nonetheless were not terminated. Mahmood has offered no such evidence. Indeed, the evidence he cites on this requirement includes an excerpt from Tzirides' deposition in which she testified that she had, in fact, terminated some of the other employees in question for performance-related reasons. *See* Pl. Ex. 18, Tzirides Dep. at 29-34.

4

## 2. Age discrimination claim

Mahmood seeks to establish his age discrimination claim pursuant to the indirect, burden-shifting method set out in *McDonnell Douglas*. To make out a prima facie case of age discrimination, Mahmood must provide evidence that he: (1) is at least forty years old; (2) was performing up to his employer's legitimate expectations; (3) suffered an adverse employment action; and (4) similarly situated employees under the age of forty were treated more favorably. *Fairchild v. Forma Scientific, Inc.*, 147 F.3d 567, 571-72 (7th Cir. 1998).

Only the fourth element is at issue. Mahmood has a "tough row to hoe" because he was terminated by Tzirides, who was sixty-three years old at the time, fourteen years *older* than him. *Fairchild*, 147 F.3d at 572 (when the decision maker is older than the terminated employee, it is not dispositive, but it is a significant fact in evaluating the evidence of age discrimination). Mahmood seeks to satisfy the fourth element by showing that he was replaced by someone "significantly" younger. *Zaccagnini v. Chas. Levy Circulating Co.*, 338 F.3d 672, 676 (7th Cir. 2003). He states that Sarah Sheehan, a twenty-nine year old, took over his responsibilities after he was fired. The City responds by showing that Sheehan was not hired until July 2003, over eight months after Mahmood was fired. Sheehan Aff. ¶ 1. Tzirides took no part in the decision to hire Sheehan; she was hired based on a recommendation in a personnel study of the CDPH completed by Deloitte & Touche. *Id.* ¶ 3; Barrios Dep. at 49-50. Furthermore, Sheehan is an Assistant Commissioner and thus has a higher status within the CDPH than Mahmood and has more responsibilities than he had. Sheehan Aff. ¶ 5. In fact, Sheehan would have been Mahmood's superior were he still a Director in the office. *Id.*

The evidence shows that Carlos Barrios, not Sheehan, replaced Mahmood. Barrios was

fifty-three years old at the time of Mahmood's termination, four years older than Mahmood. Barrios confirms in his deposition that he took over Mahmood's responsibilities after he was fired. Barrios Dep. at 47-48. Indeed, Mahmood himself contends, with regard to his other claims, that Barrios took over his job. Pl. Resp. at 2, 10; Pl. Stmt. of Add. Facts ¶¶ 9-10. No reasonable jury could find that Mahmood was replaced by someone significantly younger than him. As a result, Mahmood's claim of age discrimination fails.

### Conclusion

For the foregoing reasons, the Court grants the City's motion for summary judgment [docket no. 30]. The Clerk is directed to enter judgment in favor if the defendant. The trial date of January 3, 2005 is vacated.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 5, 2004

6